**MOLITUI of Pago Pago and TIVAO of Manua, Plaintiffs**

**v.**

**PISA of Pago Pago, Defendant**

No. 47-1947

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Vaitafe" in Pago Pago]

August 18, 1947

ARTHUR A. MORROW, *Chief Justice;* LIUFAU, *District Judge;* and NUA, *District Judge.*

DECISION

Heard at Fagatogo, August 14, 1947.
Molitui and Tivao appeared for themselves. Counsel for Pisa, Pele.

MORROW, *Chief Justice.*

The complainants filed their petition in equity praying the court "to decree that the title to certain lands in Pago Pago known as 'Vaitafe', and registered under the name of Pisa of Pago Pago village (Volume 1 of Register of Native Titles—pages 175–176) be declared to be held by Pisa in trust for the complainants and that Pisa be ordered to draw up a deed transferring title to Molitui, title to be in Molitui by agreement between the complainants for her support and maintenance." The petition alleges that ". . . Molitui's mother, now deceased, and her brother Tivao and herself (from money obtained by outside work as a laundress)" contributed the purchase price for such land alleged to have been bought from Siautau Taumai.

The evidence was in serious conflict as to who made the purchase from Siautau Taumai. Pisa testified that he bought Vaitafe and furnished the entire purchase price himself. Witnesses for the complainants testified that complainant Tivao purchased it from Siautau Taumai as the agent to Molitui and her mother, with a consideration furnished by them.

269

That Pisa had the land registered as his property in 1924 is an undisputed fact. There is no claim that the registration proceedings were not according to law. Notice was duly posted. Anyone claiming an interest in the land adverse to Pisa could have filed an objection to the proposed registration and the High Court would have adjudicated the title.

There was no allegation or evidence that Pisa secured the registration through any fraud on his part.

■ The proceedings for registration of land titles in the United States under statutes designed to bring about the same result as our statute by rendering the title to registered certain land have been declared valid and not violative of the Constitution of the United States. See 53 Corpus Juris 1088–9. The Constitution of the United States protects the fundamental rights of the Samoan people. See opinion of Chief Justice Taft in *Balzac v. Porto Rico*, 258 U.S. 298 at pp. 312–3. Included among those fundamental rights is the right not to be deprived of life, liberty or property without due process of law. Id.

■ The proceeding for the registration of the land Vaitafe was in effect *in rem*. 53 Corpus Juris 1094. Notice of the proceeding was posted and all persons including Molitui and Tivao had 60 days after the posting of such notice to file objections to the proposed registration. Molitui, according to the evidence had actual notice of the proceedings. No objection was filed by anyone.

We conclude that the complainants were bound by the proceedings and cannot now question the title of Pisa to the land 23 years after the registration. If the title to Vaitafe can be questioned at this time, the titles to other registered lands can also be questioned. The security of registered land titles would be seriously weakened to the detriment of the Samoan people.

In view of our conclusion that the proceedings for the registration of the land Vaitafe as the property of Pisa were valid, the petition of the complainants is hereby dismissed.

Costs in the sum of $12.50 to be paid within 30 days are hereby assessed against Molitui and Tivao.